Filed 3/3/23  P. v. Barragan CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093651 |
| v. | (Super. Ct. Nos. STK-CR-FE-2002-0009689, SF087807D) |
| VICTOR BARRAGAN, | |
| Defendant and Appellant. | ON TRANSFER |

Defendant Victor Barragan was convicted of murder and several other offenses based on his participation in an attempted home invasion robbery.  He appeals from a postjudgment order denying his petition for resentencing under Penal Code

1

section 1172.6.[1]  The trial court denied defendant's petition, finding the record established defendant was ineligible for resentencing because the jury found true two special circumstance enhancement allegations.  On appeal, defendant argues the trial court erred in summarily denying his petition.  Originally, this court affirmed the trial court's order.  (*People v. Barragan* (Mar. 30, 2022, C093651) [nonpub. opn.].)

The California Supreme Court granted review and deferred action pending the disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  Following its decision, the Supreme Court transferred the matter back to this court with directions to vacate our decision and reconsider the matter in light of *Strong*.

We conclude the trial court's denial of the petition was inconsistent with section 1172.6 in light of *Strong*.  We will reverse and remand the matter for further proceedings.

## BACKGROUND

Defendant and three codefendants participated in a home invasion robbery, during which the 14-year-old victim was shot and killed.  (*People v. Barragan et al.* (Sept. 17, 2008, C049845) [nonpub. opn.] (*Barragan*).)[2]  The jury found defendant guilty of several offenses and found true associated special allegations and enhancements including murder (§ 187) with the special circumstances of attempted

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute. Although petitioner filed his petition under former section 1170.95, we cite to section 1172.6 throughout this opinion.

[2] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal.  (Evid. Code, §§ 459, subd. (a), 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

2

robbery felony murder and attempted burglary felony murder (§ 190.2, subd. (a)(17)(A), (G)), with intentional discharge of a firearm (§ 12022.53, subds. (d) & (e)(1)).[3]

The trial court sentenced defendant to life without the possibility of parole for murder with special circumstances, plus 25 years to life for the firearm discharge enhancement, with an additional aggregate 13-year term.

On appeal, this court struck the imposition of a 10-year gang enhancement, and affirmed the judgment as modified. (*Barragan, supra*, C049845.)

In 2019, defendant filed a petition for resentencing under former section 1170.95. The trial court issued a written ruling summarily denying the petition, finding that because two special circumstance murder allegations were found true by the jury after the jury was instructed it could only find those circumstances to be true if defendant was proved to be, beyond a reasonable doubt, either an aider and abettor with intent to kill or a major participant who acted with reckless disregard for human life, defendant was not eligible for resentencing. Defendant did not appeal this ruling.

In 2020, defendant filed a new petition for resentencing under section 1172.6. In the petition defendant asserted, among other things, that he was not an aider and abettor with intent to kill and was not a major participant in the felony and did not act with reckless indifference to human life. Without appointing counsel or entertaining argument, the trial court denied the petition, referring to its prior denial order.

This court filed an unpublished opinion on March 30, 2022, affirming the trial court's order. The California Supreme Court granted review of the matter on June 15,

---

[3] Defendant was also convicted of burglary (§ 459) with a personal firearm use enhancement (§ 12022.5, subd. (a)); attempted home invasion robbery (§§ 664, 211) with enhancements for the intentional discharge of a firearm (§ 12022.53, subds. (d) & (e)(1)) and for committing the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and being a felon in possession of a firearm (§ 12021, subd. (a)). (*Barragan, supra*, C049845.) However, neither these convictions, nor defendant's sentence related to them, are relevant to this appeal.

2022, and on December 21, 2022, transferred the case to this court with directions to vacate our previous decision and reconsider the cause in light of *Strong*, supra, 13 Cal.5th 698.

DISCUSSION

Following the Supreme Court's transfer back to this court, defendant submitted a supplemental brief arguing the case should be remanded to the trial court. The People agreed.

A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added what is now, section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a

4

trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b).) Section 1172.6, subdivision (c), dictates how the court must handle the petition: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

Section 1172.6, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause. The prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1172.6, subd. (d)(3).) At the hearing, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing

5

pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (*Ibid.*)

B

Section 190.2, subdivision (d) provides that special-circumstance findings based on the enumerated felonies in paragraph (17) of subdivision (a)—which includes robbery and burglary—require that an aiding and abetting defendant must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*).) Thus, on its face, a special-circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. Since petitioner's conviction, however, the California Supreme Court has refined the analysis for determining who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

In *Banks*, *supra*, 61 Cal.4th at page 803, the Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant. These include the defendant's role in planning the crime and in "supplying or using lethal weapons"; the defendant's awareness of "particular dangers posed by the nature of the crime"; whether the defendant was "present at the scene of the killing, in a position to facilitate or prevent the actual murder"; whether the defendant's own "actions or inaction play[ed] a particular role in the death," and what the defendant did "after lethal force was used." (*Ibid.*)

Similarly, in *Clark*, *supra*, 63 Cal.4th at page 617, the Supreme Court found reckless indifference to "encompass[] a willingness to kill (or to assist in another killing) to achieve a distinct aim." It provided a nonexhaustive list of factors to consider in making this determination, including use or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid

6

victims, duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks. (*Id.* at pp. 618-623.)

In *Strong*, *supra*, 13 Cal.5th 698, the Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special-circumstance findings. The Court found "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d)" as they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong*, at pp. 706, 717.) Thus, special-circumstance findings made "before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710.)

A defendant with a special-circumstance finding who files a section 1172.6 petition may ultimately be found to be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* analyses. (*Strong*, *supra*, 13 Cal.5th at p. 720.) And, while a special-circumstance finding may be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant must always do so before seeking resentencing." (*Id.* at p. 713, italics omitted.)

C

Defendant argues the special-circumstance finding did not establish by law that he was ineligible for relief under section 1172.6. The People agree that the matter should be remanded for further proceedings under section 1172.6.

In light of the Supreme Court's decision in *Strong*, defendant is not ineligible for relief as a matter of law based on the pre-*Banks*/*Clark* special-circumstance finding. (*Strong*, *supra*, 13 Cal.5th at pp. 710, 713.) We will remand this matter to the trial court

with instructions to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

## DISPOSITION

The order denying the petition is reversed and the case is remanded to the trial court. The trial court shall issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
DUARTE, J.


_____/S/_____
EARL, J.